UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TIM AND ANTONIA WEESE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-433 |
| | ) | (VARLAN/GUYTON) |
| WYNDHAM VACATION RESORTS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on Plaintiffs Tim ("Mr. Weese") and Antonia Weese's ("Ms. Weese") (hereinafter collectively referred to as "Plaintiffs") Motion to Amend Complaint. [Doc. 17.] Defendant Wyndham Vacation Resorts, Inc. ("Defendant Wyndham") has filed a response in opposition to Plaintiffs' Motion to Amend Complaint [Doc. 20]. The motion to amend is now ripe for the Court's consideration. The Court has carefully considered the pending motion. For the reasons set forth herein, Plaintiffs' Motion to Amend Complaint [Doc. 17] will be denied.

**I.    RELEVANT BACKGROUND**

On October 9, 2007, Plaintiffs filed a pro se complaint in the Circuit Court of Sevier County, Tennessee. [Doc. 1-1.] Defendant Wyndham then removed this action to federal court on November 13, 2007. [Doc. 1.] By May 1, 2008, Plaintiffs were no longer acting pro se when their counsel filed a notice of appearance. [Doc. 10.] A little over a year later on May 19, 2009, Plaintiffs filed the pending Motion to Amend Complaint. [Doc. 17.] The

proposed amended complaint seeks to add "Grecian Muse, L.L.C." as a plaintiff in this matter. [Doc. 17-1 at 1.] It also asserts four general claims: (1) respondeat superior; (2) equitable estoppel; (3) conversion; and (4) breach of contract. [*See* Doc. 17-1.] Defendant Wyndham then filed a brief in opposition to Plaintiff's Motion to Amend Complaint. [Doc. 20.]

**II.    ANALYSIS**

In their motion to amend, Plaintiffs seek to amend their complaint pursuant to Federal Rule of Civil Procedure 15, which provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). However, under Rule 15, the court must balance harm to the moving party if he or she is not permitted to amend against prejudice caused to the other party if leave to amend is granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, "a motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citation omitted).

While Federal Rule of Civil Procedure 15(a) addresses amending pleadings, Federal Rule of Civil Procedure 16(b) provides additional requirements for untimely amendments. Rule 16(b) provides that courts must issue a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). The Sixth Circuit has recognized that "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*

*v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Additionally, "a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Id.*[1]

In the present case, the Scheduling Order provides that "[a]t least one hundred and twenty (120) days before trial all motions for leave to amend the pleadings and add parties must be filed." [Doc. 11 at 5.] Because the deadline to amend the pleadings expired by the time the present motion to amend was filed, Plaintiffs must first show good cause for failing to seek leave to amend earlier.[2] *See Leary*, 349 F.3d at 909. In their motion, Plaintiffs contend that the discovery process has clarified the conflict between the parties, thus giving rise to the requested amendments, namely the addition of Grecian Muse, L.L.C. ("Grecian Muse") as a plaintiff and the setting forth of Plaintiffs' claim "more clearly and succinctly." Defendant Wyndham responds that this request should be denied because it is untimely and unduly prejudicial given that the discovery and dispositive motion deadlines have expired in this matter.

The Court finds that Plaintiffs have failed to demonstrate "good cause" for seeking these untimely amendments. While the fact that Plaintiffs originally proceeded pro se in this

---

[1] The Court notes that it previously permitted Defendant Wyndham to amend its answer after the expiration of the Scheduling Order deadline pursuant to Rule 15. [Doc. 21.] Under Rule 16, such amendment was also proper for the good cause provided in Defendant Wyndham's motion and the lack of opposition or claims of prejudice by Plaintiffs in response to that motion. [*See* Doc. 16.]

[2] The Court notes that the dispositive motion deadline was extended by thirty (30) days by agreed order. [*See* Doc. 15.] However, this agreed extension did not apply to the deadline for making amendments or to the deadline for completing discovery.

matter would arguably provide sufficient "good cause" had counsel been obtained close in time to the Scheduling Order's deadline for making amendments, this is not the circumstance in the present case. Plaintiffs obtained counsel more than one year prior to the filing of the present motion to amend complaint and, thus, had more than ample opportunity to request these amendments prior to the Scheduling Order's deadline. Also, as demonstrated by the parties' agreed order to extend the dispositive motion deadline [Doc. 15], Plaintiffs could have requested an extension to the amendments deadline prior to the close of the discovery and dispositive motion deadlines yet failed to do so. The Court is also unpersuaded by Plaintiffs' contention that facts made apparent during the "discovery process" sufficiently establish "good cause" in light of the inclusion of the same underlying factual allegations in the original pro se complaint. *See Duggins v. Steak 'n Shake*, 195 F.3d 828, 834 (6th Cir. 1999) ("The plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made a part of the complaint.").

Furthermore, the amendments sought would be significantly prejudicial to Defendant Wyndham. In *Duggins*, the Sixth Circuit held that allowing amendment after the close of discovery "would create significant prejudice to defendants in having to reopen discovery and prepare a defense for a claim quite different from the . . . claim that was before the court." 195 F.3d at 834. Likewise in this case, Defendant Wyndham has indicated that discovery would likely have to be reopened should Plaintiffs be permitted to amend the complaint. [*See* Doc. 23.] Additionally, because Defendant Wyndham has submitted a

4

motion for summary judgment [Doc. 18], it would be further prejudiced to the extent it has already prepared and submitted a dispositive motion based on the original complaint.

In light of all of this, the Court finds that Plaintiffs have failed to satisfy the requirements of Rule 16(b), rendering it unnecessary for the Court to consider whether amendment is proper under Rule 15(a).

### III. CONCLUSION

For the reasons set forth herein, Plaintiffs Tim and Antonia Weese's Motion to Amend Complaint [Doc. 17] is hereby **DENIED**.

IT IS SO ORDERED.

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE

5

Case 3:07-cv-00433   Document 24   Filed 06/30/09   Page 5 of 5   PageID #: 167