UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TIM and ANTONIA WEESE, )
)
    Plaintiffs, )
)
v. ) No.: 3:07-CV-433
) (VARLAN/GUYTON)
WYNDHAM VACATION RESORTS, INC., )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiffs Tim and Antonia Weese's Motion to Vacate Summary Judgment and Set Hearing [Doc. 27], and Amended Motion to Vacate and for Voluntary Dismissal [Doc. 33]. Defendant filed a response opposing Plaintiffs' Motion to Vacate Summary Judgment and Set Hearing [Doc. 30],[1] and a response opposing plaintiffs' Amended Motion to Vacate and for Voluntary Dismissal [Doc. 34]. Plaintiffs have also filed a reply to defendants Opposition to Plaintiffs' Motion to Vacate Summary Judgment and Set Hearing [Doc. 32]. These motions are now ripe for the Court's consideration.

**I.    Background**

On October 9, 2007, plaintiffs filed a three-count Complaint against defendant in the Sevierville County Circuit Court [Doc. 1-1]. Defendant removed the case to this Court on

---

[1]Defendant notes in its response to plaintiffs' motion to vacate summary judgment and set hearing that the motion appears to have been filed on behalf of "The Grecian Muse, LLC" as well as on behalf of plaintiffs themselves. The Grecian Muse, LLC is not a party to this litigation. The Court thus disregards any claims brought on behalf of that entity.

November 13, 2007 [Doc. 1]. By the time this case reached the summary judgment phase, this Court had interpreted plaintiffs' complaint as raising six claims: two for breach of contract, one for negligence, one for fraudulent inducement, one for intentional infliction of emotional distress, and one for damages [*see* Doc. 25]. Defendant filed a motion for summary judgment [Doc. 18] to which plaintiffs failed to respond [*see* Doc. 25]. This Court granted defendant's motion for summary judgment on June 30, 2009 [Doc. 26].

In their motion to vacate the Court's summary judgment order, plaintiffs note that they initially proceeded *pro se*, and argue that they "were in negotiations to settle when [they] turned [the] case over to Counsel" because they "had to work and could not keep up with dates that documents needed to be filed" [Doc. 27]. They also contend that Mr. Brad Morgan, an attorney for defendant, "gave a heads up to somebody in his office which in turn told Mr. [Charles] Sexton who is the President of the Bar Association for Sevier County that Mr. [William L.] Wheatley [counsel for plaintiffs] was having major personal problems," and that Mr. Sexton instructed other attorneys to "see about" plaintiffs' case [*Id.*].

Plaintiffs further contend that Mr. Morgan violated their "right to privacy" and their "right[] to a hearing"; "ethically . . . should have called or e-mailed [them]"; and "filed a Summary Judgment [motion] while he had knowledge of what was going on with his [unidentified] colleague and waited till it was past the time" [*Id.*]. Plaintiffs conclude on the basis of these arguments that they have "fallen victim to a heard [*sic*] of attorneys" [Doc. 27].

In response, defendant argues that plaintiffs have failed to identify the authority under which they request that this Court vacate its order granting summary judgment [Doc. 30].

Defendant argues further that, assuming that plaintiffs' motion has been made under Federal Rule of Civil Procedure 60(b)(3) or (b)(6), which identify potential grounds for relief from a final judgment or order, plaintiffs are not entitled to relief under either provision [*Id.*]. Defendant argues in the alternative that plaintiffs' motion is futile, and may be denied on that basis as well [*Id.*].

In reply, plaintiffs contend that they "were represented by counsel until counsel fell to a great sickness and never notified" them [Doc. 32]. They also contend that defendant "had knowledge that [plaintiffs'] attorney was ill, and still proceeded to file [a] Summary Judgment" motion [*Id.*]. They further contend that "all along [defendant's] attorney let [plaintiffs] proceed with hopes to settle," and that "a settlement should happen [in this case] as it was starting" [*Id.*]. Finally, plaintiffs request that, "[d]ue to the unusual circumstances surrounding [the] case," the Court set aside its order granting summary judgment to defendant and set a hearing at which plaintiffs can present evidence on these issues [*Id.*].

In the amended motion to vacate, counsel for plaintiffs notes that plaintiffs filed a motion to amend their original complaint on May 19, 2009 [*see* Docs. 17, 33]. Counsel further notes that he was "under the belief that should the Court have granted [plaintiffs'] [m]otion to [a]mend it would have rendered [defendant's] [m]otion for [s]ummary [j]udgment moot" [Doc. 33]. Counsel argues that, "[a]s a result, [he] refrained from responding to [defendant's] [m]otion for [s]ummary [j]udgment until the Court had entered an Order either permitting or denying [plaintiffs'] [m]otion to [a]mend" [*Id.*]. On June 30, 2009, this Court denied plaintiffs' motion to amend, granted defendant's motion for summary judgment, and

3

dismissed plaintiffs' claims with prejudice [Docs. 24, 25].[2] Counsel for plaintiffs now asks the Court to vacate its order granting summary judgment for defendant, and permit voluntary dismissal of plaintiffs' complaint.

In response, defendant contends that the plaintiffs' amended motion to vacate should be denied because counsel for the plaintiffs made "a conscious and deliberate decision . . . not to respond to [defendant's] motion for summary judgment" [Doc. 34]. Defendant argues that a conscious decision not to respond to a motion for summary judgment cannot serve as grounds for this Court to vacate its order granting summary judgment for defendant [*Id.*].

For the reasons that follow, the plaintiffs' motion to vacate, and their amended motion to vacate and for voluntary dismissal, will be denied.

**II.     Analysis**

The plaintiffs bring the instant action under Federal Rule of Civil Procedure 60(b), which sets forth the grounds for relief from a final judgment or order. This Rule provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>     (1)    [M]istake, inadvertence, surprise, or excusable neglect;

---

[2]Counsel for plaintiffs also makes several fitness-to-practice arguments as to why he did not respond to defendant's motion for summary judgment, which this Court examines in detail *infra* Part II.B.

4

(2) [N]ewly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ;

(3) [F]raud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) [T]he judgment is void;

(5) [T]he judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) [A]ny other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"[T]he district court's discretion to vacate [a] judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)).

"[A] threshold condition for granting [] relief" under any provision of Rule 60(b) "is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious . . . claim." *Dover v. United States*, No. 3:07-CV-471, 2008 WL 3001159, at *2 (E.D. Tenn. July 31, 2008) (citing 11 WRIGHT & MILLER,

5

FEDERAL PRACTICE AND PROCEDURE: Civil § 2857 (1973)). This Court first considers the futility issue. It then considers each of the potentially applicable subsections of Rule 60.[3]

### A. Futility

Plaintiffs have made no showing that they have a meritorious claim. This Court addressed in detail each of the six claims plaintiffs raised in their complaint in its memorandum opinion and order granting summary judgment for defendant [*see* Docs. 25, 26]. The Court found insufficient evidence to raise a genuine issue of material fact as to any of those claims [*Id.*]. The plaintiffs have offered no arguments in either their motion to vacate, or in their amended motion to vacate and for voluntary dismissal, apart from the conclusory statement that "this case bears merit," demonstrating that any of these claims is meritorious [*see* Doc. 27]. Thus, even were this Court to grant the plaintiffs' motions to vacate, any such vacatur would be futile.

Nevertheless, this Court now considers the issues plaintiffs raise in their motion to vacate and in their amended motion to vacate and for voluntary dismissal as those issues relate to the numbered provisions of Federal Rule of Civil Procedure 60(b) that are potentially applicable in this case. For the reasons that follow, none of the plaintiffs' claims warrants vacating the Court's summary judgment order.

---

[3]The plaintiffs argue explicitly only that this Court may grant relief in the instant case under Rule 60(b)(1), the "excusable neglect" provision. For completeness, this Court also considers the plaintiffs' request for relief under Rules 60(b)(3) and (b)(6).

### B. Federal Rule of Civil Procedure 60(b)(1)

Federal Rule of Civil Procedure 60(b)(1) permits this Court to relieve a party from an order on the basis of "mistake, inadvertence, surprise, or excusable neglect." The Court construes the plaintiffs' various allusions in their motion to vacate to Mr. Wheatley's "major personal problems," "great sickness," and "drug addiction" as an argument that the plaintiffs' failure to file a response to defendant's summary judgment motion was due to excusable neglect [*see* Docs. 27, 31, 32].

The plaintiffs' amended motion to vacate and for voluntary dismissal expands upon this "excusable neglect" argument. In the amended motion, Mr. Wheatley explains that his father died on January 28, 2008, and that his wife died suddenly on September 1, 2008 [Doc. 33]. Mr. Wheatley further avers that he was diagnosed with clinical depression in March 2009 [*Id.*]. He then explains that, as a result of these events, he developed a substance abuse problem, for which he voluntarily went into treatment on July 24, 2009 after an intervention by Judge Jeff Rader of the Sevier County General Sessions Court [*Id.*]. Mr. Wheatley further avers that, while in treatment, he missed the August 10, 2009 deadline to submit continuing legal education credits for the 2008 calendar year and, as a result, was temporarily suspended from the practice of law from September 4, 2009 until October 16, 2009 [*Id.*]. Mr. Wheatley cites all of this to explain why he was unable to submit any filings in this matter until now.

While this Court is sympathetic to Mr. Wheatley's difficult personal situation, his failure to file a response to defendant's summary judgment motion under the facts he has presented does not constitute excusable neglect under Rule 60(b)(1). Defendant filed its

7

summary judgment motion on May 19, 2009 [Doc. 18]. The record reflects that Mr. Wheatley took the deposition of defendant's employee, Harvey Kim Tankersley, only four days before defendant filed that motion [*see* Docs. 18, 30-3]. Moreover, defendant avers that it "repeatedly" called Mr. Wheatley's office prior to the pretrial order deadline of July 18, 2009, and that, although defendant never received a response from Mr. Wheatley himself, the receptionist at Mr. Wheatley's office "never indicated that anything out of the ordinary was going on," and "assured defendant . . . that telephone calls would be returned" [Doc. 30].

Mr. Wheatley's own representations, moreover, indicate that his failure to file a response to defendant's motion for summary judgment was not the product of his personal problems, but instead the product of his failed litigation strategy. Mr. Wheatley, "under the belief that should the Court have granted [the plaintiffs'] [m]otion to [a]mend [their complaint] it would have rendered [defendant's] [m]otion for [s]ummary [j]udgment moot," deliberately "refrained from responding to [defendant's] [m]otion for [s]ummary [j]udgment until the Court had entered an [o]rder either permitting or denying the [plaintiffs'] [m]otion to [a]mend" [Doc. 33]. As it turned out, this Court simultaneously denied the plaintiffs' motion to amend and granted defendant's motion for summary judgment [*see* Docs. 24, 25].

"Excusable neglect" under Rule 60(b)(1) does not encompass the sort of "tactical decision[s] not to file responsive papers" that were made in this case. *Long v. Carberry*, 151 F.R.D. 240, 243 (S.D.N.Y. 1993). This Court is extremely mindful of Mr. Wheatley's personal problems as he has described them, and of their potential impact upon his ability to adequately represent the interests of his clients. As Mr. Wheatley's own representations

8

indicate, however, those personal problems had nothing to do with his tactical decision to let the summary judgment response period lapse while hoping for a favorable ruling on the motion to amend. These allegations of "excusable neglect" do not warrant a vacatur of the Court's summary judgment order under Federal Rule of Civil Procedure 60(b)(1).

### C. Federal Rule of Civil Procedure 60(b)(3)

Federal Rule of Civil Procedure 60(b)(3) permits this Court to relieve a party from an order on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." This provision "requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008) (quoting *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *6 (6th Cir. Sept. 17, 1996)).

The Court identifies three separate arguments potentially falling within the ambit of this provision, based on the plaintiffs' various allusions to fraud and misconduct in their motions. First, the plaintiffs argue that Mr. Morgan initially represented himself to them as a "stenographer" rather than as an attorney [Doc. 27]. Second, they argue that Mr. Morgan gave a "heads up" to someone in his office that Mr. Wheatley was having "major personal problems"; that this unidentified person then contacted Mr. Sexton, who discussed this case with other attorneys and instructed some of them to "filter" through Mr. Wheatley's files; and that this amounted to a violation of the plaintiffs' "right to privacy" [*Id.*]. Finally, the plaintiffs argue that Mr. Morgan timed the filing of defendant's summary judgment motion

9

in a deliberate attempt to "gain a judgment when [he] had knowledge that [Mr. Wheatley] was having major problems" [*Id.*].[4]

Defendant, in response, "vehemently denies" the "completely false accusation" that Mr. Morgan ever represented himself as a stenographer, explaining instead that Ms. Weese's own correspondence demonstrates her awareness of Mr. Morgan's role as an attorney in this matter as early as February 11, 2008 [*see* Docs. 30, 30-2]. Defendant further argues that the plaintiffs' allegations that Mr. Morgan, along with Mr. Sexton and other unidentified Sevier County attorneys, "somehow worked together to share information" about the plaintiffs, are "groundless" [Doc. 30]. As evidence of this argument, defendant points to the August 21, 2009 letter from Mr. Sexton to Ms. Weese that Mr. Morgan never gave him a "heads up"; that Mr. Sexton was "made aware of Mr. Wheatley's problems through the intervention that took place by a local Sevier County Attorney and his support team under the Tennessee Lawyer's Assistance Program"; that Mr. Sexton obtained information about the case through the federal court's electronic retrieval system; and that "[n]o one in the Sevier County Bar has had physical possession of Mr. Wheatley's file that he maintains on [the plaintiffs] behalf" [Doc. 29].

---

[4]Plaintiffs also raise issues of fraud with respect to the conduct of Mr. Wheatley, having filed a police report in Sevier County accusing him of "flim flam," and generally with respect to all of the attorneys associated with this case, with the plaintiffs casting themselves as "having fallen victim to a heard [*sic*] of attorneys [*see* Docs. 27, 32-1]. Under Federal Rule of Civil Procedure 60(b)(3), however, the Court only considers the plaintiffs' allegations with respect to the opposing party–in this case, defendant Wyndham Vacation Resorts, Inc.

10

Finally, defendant argues that it "filed a meritorious motion for summary judgment in accordance with this Court's Scheduling Order," and that the plaintiffs now "seek to fault counsel for defendant for their zealous representation of their client" [*see* Docs. 11, 30].

None of these grounds amounts to fraud or misconduct under Rule 60(b)(3). The plaintiffs' allegation that Mr. Morgan represented himself to them as a stenographer is wholly unfounded. This finding is punctuated by Ms. Weese's own emphatic representation in her February 11, 2008 letter to Mr. Morgan that he is "not a stenographer" [Doc. 30-2]. So too is the plaintiffs' allegation, based largely on conversations and/or correspondence between Ms. Weese and Mr. Sexton, that various persons commiserated in divulging nonpublic details of their case to their detriment. Mr. Sexton's own letter, in which he explains the wholly permissible steps he took to ascertain the status of the plaintiffs' case solely for the plaintiffs' benefit, offers a crisp refutation of that allegation: "You have taken our [the Sevier County Bar Association's] kindness and generosity and greatly distorted it and twisted it and greatly abused it" [Doc. 27]. And their final allegation–that defendant somehow capitalized on Mr. Wheatley's alleged problems in filing a summary judgment motion during Mr. Wheatley's incapacitation–is equally unfounded. Defendant did no more than file its motion within the agreed-upon time period for doing so. Mr. Wheatley had ample opportunity to request an extension to respond to that motion if such an extension were necessary. Plaintiffs have made no showing that would justify setting aside the Court's summary judgment order under Rule 60(b)(3).

### D. Federal Rule of Civil Procedure 60(b)(6)

Federal Rule of Civil Procedure 60(b)(6) permits this Court to relieve a party from an order on grounds not falling within the other enumerated provisions of Rule 60(b) for "any other reason that justifies relief." This provision only applies, however, "in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

Apart from those claims already discussed, each of which falls within at least one of the first five numbered provisions of Rule 60(b), the Court can identify only one additional claim that plaintiffs raise in their motions: that, prior to the resolution of this case on summary judgment, the plaintiffs "were at the settlement table"; that "a settlement was already agreed upon partly"; and that defendant has "kept this [litigation] going at [the plaintiffs'] expense for a case that was about to be settled" [Doc. 27]. Defendant argues in response that, "[d]espite Ms. Weese's representations . . . that this case was on the cusp of being settled, the parties remained hundreds of thousands of dollars apart in their settlement negotiations" [Doc. 30]. They further contend that, far from being unnecessarily prolonged at the plaintiffs' expense, this case instead "proceeded in accordance with this Court's Scheduling Order" [*Id.*].

The plaintiffs' claims, even if true, fall short of the "exceptional or extraordinary circumstances" required by Rule 60(b)(6). A party's mere expectation that a settlement was forthcoming, standing alone, will not suffice to dislodge a court order granting an opposing party's appropriately and timely filed summary judgment motion. That is particularly so

12

where, as here, plaintiffs' settlement expectations appear ill-founded. Plaintiffs' claim under Rule 60(b)(6) fails for that reason.

Plaintiffs have failed to provide any reasons that would justify this Court in setting aside its summary judgment order. Further, and as a consequence, the Court need not reach the issue of voluntary dismissal. Accordingly, this Court will deny both the plaintiffs' motion to vacate that order, and their motion to vacate and for voluntary dismissal.

## III. Conclusion

For all of the reasons above, plaintiffs' Motion to Vacate Summary Judgment and Set Hearing [Doc. 27], and the Amended Motion to Vacate and for Voluntary Dismissal [Doc. 33] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE